UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAWN KAMINSKI and MARCUS KAMINSKI,

                      Plaintiffs,

          v.                                                   6:10-CV-1399 (DNH/GHL)

STATE OF NEW YORK, *et al.*,

                      Defendants.
_____

APPEARANCES

DAWN KAMINSKI[1]
Plaintiff, *pro se*

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

      The Clerk has sent to the Court for review a *pro se* complaint naming Dawn Kaminski and Marcus Kaminski as plaintiffs.[2] Dkt. No. 1. The Clerk also sent two applications to proceed *in forma pauperis*. Dkt. Nos. 2, 5. For the reasons that follow, I recommend that the complaint be dismissed without prejudice. Moreover, I deny the applications to proceed *in forma pauperis*.

**I.**    **The Complaint**

    **A.**    **Signature Requirement**

      As an initial matter, the complaint is not signed by Marcus Kaminski. Dkt. No. 1. Pursuant to the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); see also N.D.N.Y. Local Rule 10.1(c)(2) ("Each document must identify the person filing the document. This identification must include an original signature of the . . . *pro se* litigant."). In light of the lack of signature by Marcus

---

[1] Dawn Kaminski is the only individual who signed the complaint. Dkt. No. 1.

[2] Dawn Kaminski and Marcus Kaminski filed one other action in this District. *Kaminski v. Commissioner of Oneida County Dep't of Soc. Servs., et al.*, Case No. 6:06-CV-1519 (DNH/GHL) (pending).

Kaminski, the Court views Dawn Kaminski as the sole plaintiff.

In the complaint, Plaintiff alleges that her civil rights were violated by Defendants when the Oneida County Department of Social Services removed three of her children from her care in July of 2004. Dkt. No. 1. Plaintiff has named the following as defendants: the State of New York, the Oneida County Commissioner's Office, a family court judge, employees of the Oneida County Department of Social Services, and a "school teacher[/]foster mom." Plaintiff seeks monetary damages. *Id.*

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine whether a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id.* The court also has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The allegations are directly related to a custody proceeding involving Dawn Kaminski's children. Dkt. No. 1. However, where a plaintiff's constitutional claims are directly related to a custody proceeding, and resolution of such claims would force a court to " 're-examine and re-interpret all the evidence brought before the state court in the domestic relations proceedings," this Court lacks subject matter jurisdiction. *Puletti v. Patel*, No. 05 CV 2293, 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006) (quoting *McArhur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992)); *see also Rabinowitz v.*

*New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (holding that the action was barred by the domestic relations exception to the court's jurisdiction where the plaintiff sought to obtain custody of his children); *Neustein v. Orbach*, 732 F. Supp. 333, 339 (E.D.N.Y. 1990) (holding that court lacked subject matter jurisdiction to hear civil rights action challenging, *inter alia*, custody and visitation rulings of a state court). Thus, this Court lacks subject matter jurisdiction because resolution of Plaintiff's claims would force this Court to re-examine and re-interpret the evidence brought before the state court in the custody proceeding. Accordingly, I recommend that the complaint be dismissed without prejudice.

## II.   Applications to proceed *in forma pauperis*

### A.   Dawn Kaminski

Plaintiff filed an application to proceed *in forma pauperis*. Dkt. No. 2. After a review of the application, the application is denied. In the application, Plaintiff indicated that she was not currently employed. Dkt. No. 2 at 1. Applicants who provide such a response are required to state the date of last employment, the amount of salary or wages, and the name and address of the last employer. *Id.* Plaintiff failed to provide such responses. In addition, Plaintiff indicated that she received disability or workers compensation payments, but failed to describe the source of money and state the amount received and what she expected to continue to receive. *Id.* Accordingly, the application is denied.

### B.   Marcus Kaminski

Regarding the application to proceed *in forma pauperis* that was docketed as one that was filed by Marcus Kaminski,[3] the application is denied. First, as noted, Marcus Kaminski did not sign the complaint. Therefore, he is not a plaintiff to this action. Second, even if Marcus Kaminski had signed

---

[3] Marcus Kaminski's name is not legibly printed on the application. Dkt. No. 5.

the complaint, the Court still would deny the application. Marcus Kaminski indicated that the only source from which he received income in the past twelve months was from working as an "Inspector for the Election Polls." Dkt. No. 5 at 1. However, Dawn Kaminski indicated that she provided Marcus Kaminski with an allowance of $100.00 per month. Dkt. No. 2 at 2. Marcus Kaminski failed to include this information in his application. Thus, the application is denied.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the complaint (Dkt. No. 1) be **DISMISSED** without prejudice; and it is further

**ORDERED**, that the *in forma pauperis* applications (Dkt. Nos. 2, 5) are **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on Plaintiff..

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: December 6, 2010
       Syracuse, New York

George H. Lowe
United States Magistrate Judge