UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAWN KAMINSKI and MARCUS KAMINSKI,

                        Plaintiffs,

            v.                                           6:10-CV-1399
                                                                  (DNH/GHL)

STATE OF NEW YORK, *et al.*,

                        Defendants.
_____

APPEARANCES

DAWN KAMINSKI
MARCUS KAMINSKI
Plaintiffs, *pro se*

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

By way of background, the Court previously received a *pro se* complaint naming Dawn Kaminski and Marcus Kaminski as plaintiffs.[1] Dkt. No. 1. The Court also received two applications to proceed *in forma pauperis* filed by Dawn Kaminski and Marcus Kaminski. Dkt. Nos. 2, 5. After a review, I recommended that the complaint be dismissed without prejudice due to lack of subject matter jurisdiction because the allegations were directly related to a custody proceeding involving Dawn Kaminski's children and because resolution of the claims would force this Court to re-examine and re-interpret the evidence brought before the state court in the custody proceeding. Dkt. No. 8. In addition, I denied the applications to proceed *in forma pauperis*. *Id.* Plaintiffs objected. Dkt. No. 11. My recommendation was accepted and adopted by United States District Judge David N. Hurd. Dkt. No. 15.

In the interim, Plaintiffs filed what purports to be a "new" complaint (hereinafter referred to as

---

[1] Dawn Kaminski and Marcus Kaminski filed one other action in this District. *Kaminski v. Commissioner of Oneida County Dep't of Soc. Servs., et al.*, Case No. 6:06-CV-1519 (DNH/GHL) (pending).

the "amended complaint").  Dkt. No. 12.  Plaintiffs also filed numerous documents in apparent support of the amended complaint, as well as a new application to proceed *in forma pauperis* signed by Marcus Kaminski.  Dkt. Nos. 13-14, 17-21, 23.  Plaintiffs also submitted a document titled "Request for Motion to Strike and for Sanctions."  Dkt. No. 24.  Based on the following, I recommend that the amended complaint be dismissed with prejudice and the "Request for Motion to Strike and for Sanctions" be denied as moot.  In addition, I deny the application to proceed *in forma pauperis*.

I.      **The Amended Complaint**

Initially, I note that the amended complaint is largely devoid of factual allegations.  In any event, the amended complaint alleges that Plaintiffs' civil rights were violated when the Oneida County Department of Social Services removed Plaintiff Dawn Kaminski's children from her custody.[2]  Dkt. No. 12.  Among the defendants are the following: a family court judge and employees of the Oneida County Department of Social Services.  *Id.*  Plaintiffs seek monetary damages.  *Id.*

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, the court has a responsibility to determine whether a complaint may be properly maintained before it may permit a plaintiff to proceed with an action *in forma pauperis*.  *See id.*  The court also has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond.  *Anderson v.*

---

[2] It appears that this determination was made in July of 2004.  Dkt. No. 12 at 5.

*Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

Similar to the complaint, the amended complaint contains allegations that are directly related to a custody proceeding involving Dawn Kaminski's children. Dkt. No. 12; *see* Dkt. No. 1. However, where a plaintiff's constitutional claims are directly related to a custody proceeding, and resolution of such claims would force a court to " 're-examine and re-interpret all the evidence brought before the state court in the domestic relations proceedings," this Court lacks subject matter jurisdiction. *Puletti v. Patel*, No. 05 CV 2293, 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006) (quoting *McArhur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992)); *see also Rabinowitz v. New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (holding that the action was barred by the domestic relations exception to the court's jurisdiction where the plaintiff sought to obtain custody of his children); *Neustein v. Orbach*, 732 F. Supp. 333, 339 (E.D.N.Y. 1990) (holding that court lacked subject matter jurisdiction to hear civil rights action challenging, *inter alia*, custody and visitation rulings of a state court). Thus, this Court lacks subject matter jurisdiction because resolution of Plaintiffs' claims would force this Court to re-examine and re-interpret the evidence brought before the state court in the custody proceeding. This conclusion is bolstered by the fact that Plaintiffs submitted what purport to be affidavits from two of Dawn Kaminski's children (Plaintiff Marcus Kaminski and another child) in which the children apparently attempt to argue that a third child should be "reunited" with Dawn Kaminski. Dkt. Nos. 20, 21; *see* Dkt. No. 23. Accordingly, I recommend that the complaint be dismissed with prejudice.

**II.    Application to proceed in forma pauperis**

Regarding the application to proceed *in forma pauperis* filed by Plaintiff Marcus Kaminski, the application is denied. First, Plaintiff indicated that he was not currently employed, but failed to state the date of his last employment, the amount of his take home salary or wages, and the name and address

of his last employer. Dkt. No. 13 at 1. Second, Plaintiff submitted a supplemental letter in which he indicated that he was employed by the Board of Elections in 2010 and that he enclosed a payment stub. Dkt. No. 18. However, no payment stub was enclosed and the letter fails to indicate the amount of income. Accordingly, the application is denied.[3]

### III.   "Request for Motion to Strike and for Sanctions"

Plaintiffs filed a document titled "Request for Motion to Strike and for Sanctions." Dkt. No. 24. In the document, Plaintiffs cite to portions of a transcript in which they claim that a counselor committed perjury during a family court proceeding in 2006. Dkt. No. 24. In light of the Court's recommendation that the amended complaint be dismissed, I recommend that to the extent that Plaintiffs are seeking some form of relief, the request be denied as moot.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the amended complaint (Dkt. No. 12) be **DISMISSED** with prejudice; and it is further

**RECOMMENDED**, that the Request for Motion to Strike and for Sanctions (Dkt. No. 24) be **DENIED** as moot; and it is further

**ORDERED**, that the *in forma pauperis* application (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on Plaintiffs.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of*

---

[3] I note that no filing fee has been paid in this case and no plaintiff has been granted *in forma pauperis* status.

*Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: June 1, 2011
      Syracuse, New York

George H. Lowe
United States Magistrate Judge